IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANNA STOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 20-cv-02156 |
| ) | |
| DAVID LARSON, Individually and as ) | |
| Agent/servant/employee of KOLEASECO, INC., ) | |
| KOLEASECO, INC; CHARLES BERKLER, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO REMAND**

NOW COMES the Plaintiff, DIANNA STOCK, by and through her attorneys, CHUTE O'MALLEY KNOBLOCH & TURCY, LCC and in support of her Motion to Remand, states the following:

I. INTRODUCTION

On March 5, 2020, the Plaintiff, DIANNA STOCK, filed a Complaint in the Sixth Judicial Circuit Court of Champaign County, Illinois, for injuries she sustained in a motor vehicle collision against the driver of the semi-truck involved in the collision, the trucking company which owned the semi-truck and employed the driver, and a third driver involved in the collision. (See Complaint at Law, attached hereto as *Exhibit A*.) On June 9, 2020, two Defendants in this case, David Larson and Koleaseco, Inc. filed a stipulation to remove and a notice of removal to the Central District of Illinois asserting diversity of citizenship under 28 U.S.C §1441 (See Notice and Stipulation of Removal, attached hereto as *Exhibit B*). As the removing Defendants themselves indicate in their stipulation to remove, the Defendants and their respective citizenships are as follows: David Larson and Koleaseco Inc. are allegedly both

1

citizens of the state of Michigan, while the third defendant, Charles Berkler is a citizen of Illinois, the state where the suit was brought. (*Exhibit B*, p. 3). Removal of this matter was improper and the court must remand immediately because §1441(b)(2) provides that a case otherwise removable under diversity jurisdiction cannot be removed if any Defendant is a citizen of the state in which the action is brought. As removing Defendants admit, one of the Defendants in this matter is a citizen of the state in which the suit was brought, namely Defendant Charles Berkler being a citizen of Illinois, and as a result the case *cannot be removed*.

## II. LEGAL STANDARD

"The party seeking removal has the burden of establishing federal jurisdiction." *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009); *In re Cnty. Collector*, 96 F.3d 890, 895 (7th Cir. 1996). Failure to meet this burden results in remand of the removed case. 28 U.S.C. § 1447(c); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). When determining whether a defendant has met this burden, the Seventh Circuit has cautioned that "[c]ourts should interpret the removal statute narrowly," *id.*, and resolve any doubts regarding removal in favor the plaintiff's choice of forum in state court. *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). Following removal of a case to federal court, a plaintiff may file a motion to remand the case to state court. 28 U.S.C. § 1447. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . ." *Id.* § 1447(c). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* A court should grant a motion to remand when the removing Defendant fails to meet the burden of establishing federal jurisdiction. *Doe v. Allied-Signal*, Inc., 985 F.2d at 911 (7th Cir. 1993).

III.     ARGUMENT

Under §1441(b)(2), removal was improper because one of the properly joined and served Defendants is a citizen of Illinois, the state in which this action was brought.

This case should be remanded to state court immediately. Section 1441(b)(2) provides that "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Not only does the explicit language of the statute bar removal when there is any in-state Defendant, but both the US Supreme Court and the 7th Circuit have repeatedly and recently reinforced the explicit meaning of §1441(b)(2) and held that removal is improper in these instances and remand is appropriate. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746, 204 L. Ed. 2d 34, *reh'g denied*, 140 S. Ct. 17, 204 L. Ed. 2d 1172 (2019). See *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377 (7th Cir. 2000). See also *Morris v. Nuzzo*, 718 F.3d 660 (7th Cir. 2013).

In this case, Defendant's notice and stipulation of removal cite no basis for removal other than diversity. (See *Exhibit B*). The removing Defendants do not dispute that Defendant Charles Berkler was properly joined nor that he was properly served (which he was on 5/16/2020 [See Affidavit of Service, attached hereto as *Exhibit C*]). Removing Defendants also do not dispute and in fact admit that Defendant Berkler is a citizen of Illinois. (*Exhibit B*, p. 3). This case is the typical scenario addressed by §1441(b)(2) and removal is prohibited, and as a result, the case must be remanded back to Champaign County, Illinois state court, where it was originally brought.

3

IV. <u>CONCLUSION</u>

For all of the foregoing reasons, this Court must grant this Motion, remand this case in its entirety to the Circuit Court of Champaign County, Illinois, and grant any and all further relief that this Court deems to be reasonable and appropriate under the circumstances.

                                            Respectfully submitted,

                                            CHUTE O'MALLEY
                                            KNOBLOCH & TURCY, LLC

                               By: /s/Michael A. Knobloch
                                          Attorneys for Plaintiff

Michael A. Knobloch
Chute O'Malley Knobloch & Turcy, LLC
218 N. Jefferson
Suite 202
Chicago, IL 60661
(312) 374-3161
mknobloch@chutelaw.com
ARDC No.: 6286611